UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

PATRICIA UMPHREYVILLE, an individual; ERIC UMPHREYVILLE, an individual,

Plaintiffs,

v.

GNLV, LLC, a Nevada limited liability company; DOES I through X; and ROE CORPORATIONS/ENTITES I through X, inclusive,

Defendants.

Case No. 2:25-cv-00390-JAD-EJY

**ORDER**

Pending before the Court is Plaintiffs' Motion to Seal Exhibit Nos. 2, 3, 5-8, 12-13, 18, and 19 in their Appendix of Exhibits in support of the Opposition to Defendant's Motion for Summary Judgment. ECF No. 33. First, the Court notes that Exhibit 1 is in the sealed filing of exhibits but is not discussed in Plaintiffs' Motion. Second, Exhibit 1 is submitted in a redacted form leaving no confidential or personal information disclosed. Thus, not only is it unclear why Exhibit 1 was included in the sealed Appendix, but it is unclear what Plaintiffs seek to seal as only a redacted version was made available to the Court. Third, the Court notes that Plaintiffs' reliance on Defendant's designating documents as "confidential" under the Stipulated Protective Order is misplaced. Fourth, Plaintiffs submit, under seal, an entire expert report and multiple deposition transcripts evidencing a failure to consider that these documents should be redacted so that non-confidential information is readily available to the public. Except for three exhibits, the Motion to Seal is denied.

I. **Discussion**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). The Ninth Circuit recognizes "a strong presumption in favor of access to court records."

1

*Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  To overcome this strong presumption, the party seeking to seal records filed in support of dispositive motions, such as a motion for or opposition to summary judgment, must provide "sufficiently compelling reasons" that override the public policies favoring disclosure.  *Kamakana*, 447 F.3d at 1178.  "That is, the party must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process."  *Id*. at 1178-79 (alterations omitted) (internal quotation marks omitted).  The Ninth Circuit emphasizes that the "compelling reasons" standard applies "even if the dispositive motion, or its attachments, were previously filed under seal or protective order."  *Id.* at 1179.

The Court finds that Plaintiffs' general assertions of "confidentiality" and "sensitive commercial information" are insufficient to demonstrate compelling reasons to bar public access to the sealed documents.  *Id*. at 1178.  Moreover, to the extent any confidential information can be redacted, leaving non-confidential information available to the public, the Court orders redacted versions of otherwise sealed documents be filed on the docket.  *Foltz.*, 331 F.3d at 1137; *see also In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011) (the district court must "keep in mind the possibility of redacting the sensitive material").

**II.    Order**

Accordingly, IT IS HEREBY ORDERED that Exhibits 6, 8, and 15, attached to ECF No. 32 (exhibits to Plaintiffs' Response to Defendant's Motion for Summary Judgment), are and shall remain sealed.

IT IS FURTHER ORDERED that Exhibit 1 is redacted and must be filed on the publicly available docket.  An unredacted version may be filed under seal.

IT IS FURTHER ORDERED that Exhibit 1, in its current redacted form, **must be filed** on the docket no later April 14, 2026.

IT IS FURTHER ORDERED that except as stated immediately above, Plaintiffs' Motion to Seal (ECF No. 33) is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiffs must meet and confer with Defendant to discuss sealing only those portions of deposition transcripts (Exhibits 3, 7, 12, and 13), and the expert report (Exhibit 4, which is absent from Plaintiffs' Motion) that meet the compelling reason standard in *Kamakana*, while simultaneously submitting the redacted version of these documents on the publicly available docket.

IT IS FURTHER ORDERED that Plaintiffs must meet and confer with Defendant to discuss why, if at all, Exhibits 2, 5, and 19 should be sealed.

The parties are advised that marking documents as confidential under the Stipulated Protective Order provides no support for sealing. Instead, the parties must establish "compelling reasons" supported by specific facts if sealing is requested.

IT IS FURTHER ORDERED that the documents currently filed under seal in ECF No. 32 shall remain provisionally sealed until such time as Plaintiffs submit a revised motion to seal and the Court issues an order resolving such motion.

Dated this 8th day of April, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE